# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1270V

| | |
|---|---|
| MARLENE SWORDS, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 3, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On August 9, 2023, Marlene Swords filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 3, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On December 27, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $57,560.00, representing $57,500.00 in pain and suffering damages and $60.00 for past unreimbursable expenses. Proffer at 4-5. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $57,560.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| MARLENE SWORDS,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 23-1270V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S RULE 4(c) REPORT**
**CONCEDING ENTITLEMENT TO COMPENSATION**
**AND PROFFER OF DAMAGES**

On August 9, 2023, Marlene Swords ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 *et seq.* ("Vaccine Act" or "Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on February 10, 2022. Petition at 1.

In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as his responsive report. Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP") have reviewed the petition and medical records filed in the case. Their opinion is that this case is appropriate for compensation under the terms of the Act.

## FACTUAL SUMMARY

I. <u>Pre-Vaccination History</u>

Petitioner had no history of shoulder pain or injury in the affected arm prior to the vaccination at issue.

II. <u>Vaccination</u>

Petitioner was eighty years old when she received an intramuscular flu vaccine in her left arm on February 10, 2022, at the office of her primary care provider ("PCP"). Exhibit ("Ex.") 1 at 31.

III. Onset

On March 2, 2022, twenty days post-vaccination, petitioner presented to her PCP and reported left arm pain since her February 10, 2022 flu vaccination. Ex. 1 at 22. On exam, petitioner had full range of motion ("ROM") with pain abducting against resistance and in her deltoid and upper trapezius. *Id.* at 23. Her PCP diagnosed her with left deltoid bursitis and prescribed tramadol and prednisone. *Id.* at 22.

IV. <u>Treatment</u>

On March 10, 2022, petitioner presented to urgent care with complaints of left upper arm, shoulder, and shoulder blade pain that began the evening of her flu vaccination. Ex. 5 at 8. On exam, petitioner had limited ROM and tenderness along her deltoid muscle. *Id.* at 9. Left shoulder x-rays showed mild degenerative changes. *Id.* Petitioner was diagnosed with SIRVA and advised to consider physical therapy ("PT"). *Id.* at 10. Petitioner deferred PT. *Id.*

On March 11, 2022, petitioner presented to a physician's assistant for orthopedic evaluation of her left shoulder pain. Ex. 2 at 26. Petitioner's exam showed flexion and abduction limitations to 120 degrees, tenderness over her subacromial bursa and deltoid, and

positive impingement testing. *Id.* Petitioner was diagnosed with subacromial bursitis secondary to improper location of a vaccine. *Id.* Petitioner declined a steroid injection. *Id.* At April 6, 2022, and June 8, 2022 follow-ups, petitioner received subacromial bursa and subcoracoid bursa steroid injections, respectively. *Id.* at 10-26.

On July 1, 2022, petitioner attended an initial PT evaluation, in which she reported continued pain, weakness, and loss of function and ROM. Ex. 6 at 13-16. On exam, petitioner had deficits with flexion, abduction, and internal and external rotation; she also had 4-/5 strength in external rotation due to pain. *Id.* at 12-14. Although the therapist advised continued care for rotator cuff tendonitis and a possible tear, petitioner did not return and had complained of the financial obligation at the start of her care. *Id.* at 11.

On July 20, 2022, and October 25, 2022, petitioner received ultrasound-guided "needle placement" without details as to what substance was administered or the exact location for the placement. Ex. 2 at 7-9. The associated diagnoses were chronic left shoulder pain, left shoulder arthritis, SIRVA, and left shoulder subacromial bursitis. *Id.* at 7.

Petitioner has not filed any further left shoulder-related treatment records.

V.  Duration of injury

Petitioner received treatment for her shoulder injury through October 25, 2022, about eight and a half months post-vaccination.

VI.  Summary of treatment

Over the course of eight and a half months, petitioner underwent the following treatment for her shoulder symptoms:

- One PT evaluation;
- Two steroid injections;

3

- Two ultrasound-guided needle placements; and
- Two prescriptions medications: tramadol and prednisone.

## ANALYSIS

As noted above, DICP has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate. DICP has concluded that petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; pain occurred within forty-eight hours after receipt of an intramuscular vaccination; pain and reduced range of motion was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

## PROFFER

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $57,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be

4

awarded past unreimbursable expenses in the amount of $60.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Court's decision and judgment award the following: a lump sum payment of $57,560.00, in the form of a check payable to petitioner.[1]

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Marlene Swords:         **$57,560.00**

**CONCLUSION**

Respondent recommends that the Court enter a decision finding petitioner entitled to compensation for a SIRVA occurring within the Table timeframe following petitioner's February 10, 2022 vaccination, and that the court award $57,560.00 for all damages available under Section 15(a) of the Vaccine Act, which does not include reasonable attorneys' fees and litigation costs to be determined at a later date.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

MARY E. HOLMES
Trial Attorney
Torts Branch, Civil Division

/s/ *Rachelle P. Bishop*
RACHELLE P. BISHOP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3662
Rachelle.P.Bishop@usdoj.gov

Date:  December 27, 2024

6